UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE J. JUSCZAK, | ) | Case No.: 1:04 CV 2553 |
| | ) | |
| Appellant | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHARTER ONE BANK, N.A., | ) | |
| | ) | |
| Appellee | ) | ORDER |

On December 28, 2004, Marjorie J. Jusczak ("Appellant") filed this appeal (ECF No.1) from a November 9, 2004 Order of the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court"), dismissing Appellant's case but retaining jurisdiction to consider sanctions against Appellant and Appellant's counsel. Charter One Bank, N.A. ("Appellee") now moves the court to dismiss Appellant's appeal because: (1) the order appealed from is not a final, appealable order; (2) Appellant has failed to prosecute her appeal; and (3) the appeal lacks merit. For the following reasons, Appellee's Motion to Dismiss (ECF No. 6) is granted.

## I. BACKGROUND

On November 9, 2004, Judge Arthur I. Harris of the Bankruptcy Court entered an order dismissing Appellant's case but retaining jurisdiction to consider sanctions against Appellant and Appellant's counsel (Bankr. ECF No. 47). On November 19, 2004, Appellant filed a Notice of Appeal with the Bankruptcy Court (Bankr. ECF No. 55).[1] Also on November 19, 2004, Appellant filed a Notice of Election for District Court to Hear Appeal (Bankr. ECF No. 56). On December 13, 2004, Appellant filed an untimely Designation of Contents and Statement of Probable Issues on Appeal ("Designation") (Bankr. ECF No. 85) without having requested leave from the court to do so. On December 28, 2004, Appellant's Notice of Appeal was filed with this court (ECF No. 1).

As of the date of this Order, Appellant has not filed a brief with this court.

## II. LAW AND ANALYSIS

Appellant does not appeal the voluntary dismissal of her bankruptcy case. According to her Designation, Appellant is only appealing whether the Bankruptcy Court retained subject matter jurisdiction to consider sanctions against Appellant.

### A. Final and Appealable Order

The Bankruptcy Court does not impose sanctions in its November 9, 2004 Order. Rather, it merely "retains jurisdiction to consider sanctions that have been or may be requested by a party in interest or that the Court may seek to impose in its own initiative." (Order of Bankruptcy Court, dated November 9, 2004, Ex. A to Appellant's Appeal.) The order that Appellant is appealing is not a final order. A final

---

[1] This appeal is from Bankruptcy Petition #: 04-21670-aih.

order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *In re Wicheff*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998). A civil contempt order is not final unless: (1) a finding of contempt is issued, and (2) a sanction is imposed. *Id*. at 843. As Appellee correctly notes, a bankruptcy court's contempt order is not a final and appealable order when the court does not impose sanctions. In this case, the Bankruptcy Court's Order has neither imposed sanctions nor ended the sanctions litigation. Accordingly, the instant appeal is not from a final and appealable order and Appellee's Motion to Dismiss is granted on this ground.

### B. Failure to Prosecute

In addition, the court finds that this case should be dismissed for failure to prosecute. Fed. R. Bankr. P. 8001(a) grants the district court authority to dismiss appeals for non-prosecution. *Barclay v. U.S. Trustee, Hackett*, 2004 WL 1376608, **1 (6th Cir. June 16, 2004); *cf. Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) (in the absence of notice that dismissal is contemplated under Fed. R. Civ. P. 41(b), the district court should impose penalty short of dismissal unless derelict party has engaged in "bad faith or contumacious conduct"). The late filing of a required document does not justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference. *Third Nat'l Bank v. Winner Corp. (In re Winner Corp.)*, 632 F.2d 658, 660-61 (6th Cir. 1980).

Appellant has not abided by at least two provisions of the Federal Rules of Bankruptcy Procedure. First, Fed. R. Bankr. P. 8006 provides that "[w]ithin 10 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Appellant filed her notice of appeal with the Bankruptcy Court on November 19, 2004; on December 2, 2004, a

Certificate of Failure to Designate Record was filed (Bankr. ECF No. 74). However, Appellant did not file her Designation until December 13, 2004. Accordingly, Appellant's Designation was not timely filed. Furthermore, Appellant did not request leave of the court to file a delayed Designation.

Second, Appellant has not filed a brief with this court. The relevant portion of Fed. R. Bankr. P. 8009(a) provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:
> (1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

The appeal was entered on the docket on December 28, 2004, and the court, on December 29, 2004, sent notice to the parties of this provision (ECF No. 4). However, as of the date of this Order, Appellant has not filed a brief, nor has Appellant filed any papers opposing Appellee's Motion to Dismiss. The court finds that this shows negligence and indifference. *See, e.g.*, *In re Buscemi's Int'l, Inc.*, 2003 WL 21085271, **2 (6th Cir. May 12, 2003) ("[Appellant]'s complete failure to file a brief shows at least negligence, if not complete indifference, on his part.").

In sum, the court finds that Appellant's appeal should be dismissed for seeking to appeal from a non-final order and for failure to prosecute. Accordingly, Appellee's Motion to Dismiss is granted on these grounds.

Because of the court's ruling, it would be inappropriate to rule on the merits of the case to the extent they involve issues other than those discussed above.

-4-

-5-

### III. CONCLUSION

For the foregoing reasons, the court hereby grants Appellee's Motion to Dismiss (ECF No. 6) and dismisses Appellant's appeal with prejudice.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 19, 2005